IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case Number: 1:12mj610 |
| | ) | |
| ARTAVIA PALMER | ) | |
| | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MOTION AND MEMORANDUM
IN SUPPORT OF REQUEST FOR REASONABLE BOND

ARTAVIA PALMER, by and through counsel, hereby moves this Court to set a reasonable bond with conditions. On September 28, 2012, after a hearing on detention, the Court denied release on conditions. Please consider the argument and authority provided below.

The Bail Reform Act empowers this Court to use its broad authority and judicial powers to fashion terms and conditions of release in cases such as this from a wide array of options. *See* 18 U.S.C. §3142. The Act contemplates release in every case where the Court can "reasonably assure" that the defendant will appear at subsequent hearings and will not pose a danger to the community. *See* 18 U.S.C. §3142(b). There are terms and conditions of release that can be fashioned to reasonably assure attendance at court proceedings and the safety of the community that apply to this case and support the request that reasonable conditions of release be set by this Court. The minimal criminal history, her community ties, her lifelong residence in the Washington, D.C. area, and the reduced potential exposure under the Sentencing Guidelines all weigh heavily in favor of release.

The most fundamental guarantee in this case is that Ms. Palmer is presumed innocent. That presumption cannot be ignored or glossed over. The allegations against Ms. Palmer are limited. This Court must conduct a *de novo* review and determination. Other defendants in this matter have been released on conditions.

The movant has significant community ties and does not pose a flight risk. Indeed, given that there is no mandatory minimum and any potential Guideline sentence likely implicates minimal jail time, there is no reason to do anything but stay and fight the charges. She has no ability to travel and is a long standing member of the community. She is single mother raising a 7 year old child on her own. She does not face an extreme sentence even if the government is able to convince a jury of her guilt beyond a reasonable doubt.

The Supreme Court has said that "[f]reedom from imprisonment-from government custody, detention, or other forms of restraint- lies at the heart of the liberty the [Fifth Amendment] protects." *Zadyvas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 2498 (2001). *See also Foucha v. Louisiana,* 504 U.S. 71, 112 (1992) (describing freedom from physical restraint as being at the core of constitutional rights under the Fifth Amendment.)

In *Stack v. Boyle*, 342 U.S. 1 (1951), the Supreme Court recognized the importance of pre-trial release; that an individual should not be made to suffer imprisonment for a crime of which they have not been convicted; and that reasonable conditions of release need to be set based on the individual before the court. The setting of conditions, according the Court in *Boyle*, that exceeded the ability of an individual to meet those conditions was unconstitutional.

In United States v. Steinhorn, 927 F.2d 195 (4th Cir. 1991), a defendant was convicted of money laundering and interstate transportation of stolen goods. He was released on bond pending appeal despite the conviction and sentence and the strict requirements of 18 U.S.C. § 3143(b)(2). The Fourth Circuit found that the District Court was correct in granting him conditions of release pending appeal. That was a case which required more stringent criteria than this case. Release ought to be granted in this case. The Supreme Court considered bond – an espionage case from this Court in the United States v. Troung 439 U.S. 1326 (1978). There was proof of possibility, not of any inclination to flee. Bail, post-conviction for espionage, was granted.

In fact, in cases which defendants have engaged in far more alleged egregious behavior that that involved in this matter and seem far less likely to appear in court, were still allowed conditions of release because the Act has such broad grant of authority for courts to fashion conditions. In *United States v. Chimurenga*, 760 F.2d 400 (2nd Cir. 1985), for example, the government introduced a vast amount of damaging evidence to justify detention. The defendant, Chimurenga, was the leader of a group responsible for an armed robbery which resulted in the death of an armored truck guard and two police officers. The government's proof included taped conversations in which the defendant instructed his co-defendants on how to kill armored truck guards; furthermore, there were also tapes in which the defendant advised other defendants to cut their emotional ties and flee rather than face the prospect of lengthy imprisonment. There was additional evidence linking the defendant to a series of planned, violent crimes including the planned prison escape of co-conspirators. Other evidence indicated that he had access to false identifications and bank accounts under false names. Yet, despite all of this evidence, Chimurenga was released by the district court which was able to fashion workable conditions of release that reasonably and actually assured his future appearance and the safety of the community. The Court of Appeals upheld the district court's determination. *Id.* at 405. The conditions were imposed and he complied. That case certainly presented a much more severe situation that is presented here. Chimurenga was potentially a violent criminal who faced a mandatory minimum sentence and who had made plans to flee.

Ms. Palmer is a young woman who was just recently making changes in her life. In April of 2012, she was in a car accident where she was struck by a drunk driver. Due to her absence from her employment because of the accident, she lost her employment at the Elephant and Castle Pub on Capitol Hill where she had been employed for the preceding year as a hostess. In June of 2012, she began a course of study at Fortis College in Landover, Maryland to become a dental hygienist. Her continued incarceration will lead to her being dropped from that program. She was seeking treatment

for substance abuse, but was not able to attend counseling sessions with the CAPP program in Capitol Heights, Maryland due to her school attendance. She resides in Section 8 supported housing, and is obligated to pay $85 per month in rent. She was seeking a reduction of that rent at the time of her arrest in this matter. In the meantime, her family members were helping her pay her monthly obligations.

Ms. Palmer has several family members that assist her with her expenses. These relatives include: her cousin, Mikiesha Fields who is employed as a Police Officer with the Washington, D.C. Metropolitan Police Department; another cousin, Deshawn Fields who is employed as a bakery manager with Giant Food; Jessica Willis, who is employed by the Department of Defense. Deshawn Fields is currently taking care of Ms. Palmer's daughter.

The Affidavit in Support of the arrest warrant in this matter indicates that there are three other co-defendants in this matter. Upon information and belief, two of them, Hall and McMillian, have been released on bond. It was noted in the prior bond hearing in this case that Ms. Palmer is facing charges in Anne Arundel County Maryland for an offense similar to the charges in this matter. On the day of arrest in that case, Ms. Palmer was arrested with one of her co-defendants in this matter, Ms. McMillian. Given the nature of the charges in this case, and the lack of indication of risk of flight alleged in this matter, Ms. Palmer should be released on bond.

In this regard, reasonable assurance is needed and that can be satisfied by the conditions suggested below. The reasonable assurance standard was originally enunciated in *Unites States v. Orta*, 760 F.2d 887 (8th Cir. 1985)(*en banc*). The *en banc* court of appeals held that the government could not detain unless it showed by clear and convincing evidence that there was absolutely *no* condition or set of conditions at all which the court could fashion to reasonably assure the defendant's appearance and the safety of the community, The court held what is well recognized, i.e., that "reasonably assure" does *not* mean guarantee, The court in *Orta* recognized that to require a "guarantee" would contradict the

framework and clear intent of the Bail Reform Act of 1984. The Bail Reform Act <u>favors release</u>. Congress intended that detention should apply only to a "small number" of dangerous defendants. *Id.* at 890-891. This is not one of those rare cases. The intent of Congress and the Act is for some reasonable conditions of release in cases such as this, Ms. Palmer has demonstrated her intent to remain and proceed with her case in the courts and is not a risk of flight or one of those "small number" of individuals that Congress intended to target.

The defendant in *Orta* was released despite the fact that she had struck a woman in the head with a revolver and had several weapons and various quantities of marijuana and cocaine in her apartment. Further, Orta was known to carry a loaded gun in her purse. Finally, she and her husband had threatened witnesses. Despite all of these disturbing facts and a charge of conspiracy to possess with intent to distribute cocaine, Orta was not detained because the court applied its authority and fashioned conditions of release to fit that case. *See also United States v. Jackson*, 845 F.2d 1262 (5th Cir. 1988) (defendant, a member of a notorious motorcycle gang with a history of lawlessness and violence and nationwide network of associates, and who had been arrested several times in the past, was not detained, conditions were set that worked); *United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986) (defendant was released despite being involved in a widespread narcotics distribution organization and having money and ability to flee because workable conditions of release could be set and were obeyed).

The facts in the instant case establish that Ms. Palmer is far less of a flight risk or danger in this case than the defendants in *Chimurenga, Orta, Jackson,* or *Dominguez*. She will be under monitoring eye and care of such conditions as this Court will set.

*United States v. Salerno*, 481 U.S. 751 (1987) is the seminal decision from the Supreme Court on the Bail Reform Act. The Court made clear in that decision that an accused as a right to counsel, to call witnesses on her behalf, to proffer evidence (which only defendants may do as per 18 U.S.C. § 3142(f)) and to cross examine the prosecution's witnesses. *Id.* at 752. More importantly for this case, the

Supreme Court said that: "In our society liberty is the norm and detention prior to trial or without trial is a carefully limited expression." *Id.* at 755. For this reason, the Act gives courts wide latitude in setting conditions of release and requires that a judicial officer ought not detain unless it is found that there are absolutely no conditions or combination of conditions that can be said to reasonable assure the appearance of the accused and the safety of the community. Under the provisions of the Act, as applied to this case, there are conditions of release which this Court, in its wisdom, broad discretion and authority, can set to allow Ms. Palmer's release on compliance with the Act.

We suggest the following: 1.) pre-trial services supervision, 2.) substance abuse testing and treatment, and 3.) regular reporting to pre-trial services.

This case does not warrant detention.

Respectfully submitted

Artavia Palmer

By Counsel

_____/s/_____
Alfred L. Robertson, Jr.
VSB # 45000
Robertson Law Office, PLLC
11350 Random Hills Rd., #800
Fairfax, VA 22030
(703) 934-6148
(703) 352-7014 (facsimile)
rob@robertsonlawoffice.com
Counsel for Artavia Palmer

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY THAT on the 2nd day of October, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing (NEF) to the following:

Jessica Hurtz, Esquire
Special Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3700
Fax: (703) 299-3982
Jessica.Hurtz@usdoj.gov

                                                                       /s/
                                                Alfred L. Robertson, Jr.
                                                VSB # 45000
                                                Robertson Law Office, PLLC
                                                11350 Random Hills Rd., #800
                                                Fairfax, VA 22030
                                                (703) 934-6148
                                                (703) 352-7014 (facsimile)
                                                rob@robertsonlawoffice.com
                                                Counsel for Artavia Palmer